IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JK MOVING & STORAGE, INC.,  )
                            )
        Plaintiff,          )
                            )
v.                          )   Civil Action No. 1:17cv0849 (TSE/JFA)
                            )
J & K MOVING LLC,           )
                            )
        Defendant.          )
                            )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). In this action, plaintiff JK Moving & Storage, Inc. ("plaintiff" or "JK Moving") seeks a default judgment against defendant J&K Moving LLC ("defendant" or "J&K Moving"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On July 27, 2017, plaintiff filed a complaint against J&K Moving alleging trademark infringement and unfair competition under the Lanham Act, Virginia law, and common law. (Docket no. 1). A summons was issued as to J&K Moving on July 27, 2017, and it was served on defendant's registered agent on August 2, 2017. (Docket nos. 3–4). On September 11, 2017, more than twenty-one (21) days after defendant's answer was due, plaintiff filed a request for entry of default as to J&K Moving (Docket no. 7). On September 13, 2017, the Clerk of Court entered default as to J&K Moving (Docket no. 8). On September 18, 2017, plaintiff moved for default judgment (Docket no. 11), and noticed a hearing for September 29, 2017 (Docket no. 12).

Plaintiff simultaneously filed a motion to voluntarily dismiss Count III of its complaint, which alleges a violation of the Virginia Consumer Protection Act, that was entered by the court on September 25, 2017. (Docket nos. 10, 13). At the hearing on September 29, 2017, counsel for plaintiff appeared, but no one appeared on behalf of defendant. (Docket no. 14).

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl.") and the memorandum in support of plaintiff's motion for default judgment (Docket no. 11-1). JK Moving was established in Virginia in 1982, and grew to be a provider of high-quality moving and storage services throughout the United States and internationally. (Compl. ¶ 7). JK Moving adopted and began using marks that incorporate "JK" or "JK MOVING" at least as early as March 15, 1982, and used those marks continuously and without interruption for over 30 years. (Compl. ¶ 8). Among the "JK MOVING" marks are the "JK MOVING & STORAGE," "JK MOVING SERVICES," and "JK" marks, which JK Moving began using as early as March 15, 1982, March 4, 2011, and March 15, 1982 respectively. (Compl. ¶¶ 9–11). JK Moving registered these three marks with the United States Patent and Trademark Office on June 7, 2011, August 7, 2012, and July 9, 2013 respectively. (Compl. ¶¶ 9–11; Docket nos. 1-1, 1-2, 1-3). JK Moving advertises its products and services through various channels, including through its website located at jkmoving.com, radio broadcasts throughout Northern Virginia and contiguous areas, and on JK Moving's fleet of vehicles that travel throughout Northern Virginia. (Compl. ¶¶ 13–14). JK Moving has served a variety of prominent clients, including U.S. presidents, and has been designated as the official mover of professional sports teams in the Washington Area. (Compl. ¶ 15). JK Moving has also received numerous awards, including the

American Moving & Storage Association's "Independent Mover of the Year" award. (Compl. ¶ 15).

Defendant J&K Moving was organized as a limited liability company in April 2015, offers moving and relocation services, and actively advertises and promotes those services under the mark "J&K Moving" through various channels in Northern Virginia and elsewhere, including on vehicles it operates. (Compl. ¶¶ 18–19). As such, JK Moving and J&K Moving directly compete in the same or overlapping geographic markets through the same trade channels and with similar advertising for the same customers. (Compl. ¶ 23).

In February 2017, JK Moving received a customer inquiry about damage allegedly caused by a JK Moving vehicle at a customer site. (Compl. ¶ 20). The inquiry included a photo, with a vehicle marked:

> J&K MOVING
> USDOT 2376288
> MC902150
> Woodbridge, VA
> 571-749-7610

(Compl. ¶ 20). Plaintiff contacted J&K Moving in March 2017 regarding the misdirected inquiry, and noted that J&K Moving was causing confusion as to the source of the services. (Compl. ¶ 21). J&K Moving responded, but has refused to cease its infringing use despite JK Moving's attempts to contact it on at least three subsequent occasions in June and July 2017. (Compl. ¶ 21).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." A defendant in default admits the factual allegations in the

3

complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. JK Moving brings this cause of action pursuant to the Lanham Act (15 U.S.C. § 1051 *et seq.*) and common law passing off under Virginia law, (Compl. ¶¶ 24–64), and alleges that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (civil action arising under any Act of Congress relating to trademarks), and 1367 (supplemental jurisdiction).[1] (Compl. ¶ 4).

JK Moving alleges that this court has personal jurisdiction over J&K Moving, a limited liability company, because it is located in Woodbridge, Virginia, which is within the jurisdiction of the Eastern District of Virginia. Therefore, the court has personal jurisdiction over defendant pursuant to Va. Code § 8.1-328.1. JK Moving alleges that venue is proper because J&K Moving resides within this District, and because a substantial part of the events giving rise to JK Moving's claims occurred in this District. (Docket no. 11-1 at 3). JK Moving alleges that the use of J&K Moving's marks caused confusion in all overlapping geographic markets, including

---

[1] JK Moving alleges that the passing off claim is based on the same transactions and occurrences as the Lanham Act claims, thereby granting supplemental jurisdiction over that claim. (Docket no. 11-1 at 4).

in this District. (Compl. ¶¶ 22–23). Given the uncontested allegations that J&K Moving is located in this District and a substantial part of the events giving rise to plaintiff's claims occurred in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over J&K Moving, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States (1) in the manner prescribed in Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process. Rule 4(e)(1) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. Section 13.1-1018 of the Virginia Code provides, in part: "A domestic or foreign limited liability company's registered agent is the limited liability company's agent for service of process, notice, or demand required or permitted by law to be served on the limited liability company." Va. Code. Ann. § 13.1-1018(A).

On July 27, 2017, a summons was issued as to defendant J&K Moving and returned executed on August 9, 2017. (Docket nos. 3, 4). The affidavit of service accompanying the executed summons indicates that a private process server delivered the summons to "Nery Gomez, authorized to accept"—an individual designated by law to accept service of process on behalf of J&K Moving—on August 2, 2017. (Docket no. 4 at 2). Mr. Gomez is the defendant's

5

registered agent. (Docket no. 11-3). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a), J&K Moving was required to file a responsive pleading by August 23, 2017; twenty-one (21) days after plaintiff served J&K Moving's registered agent with the summons and complaint. No responsive pleading has been filed by the defendant and the time for doing so has since expired. On September 11, 2017, approximately three weeks after the response deadline, plaintiff filed a request for entry of default against J&K Moving (Docket no. 7). Service of plaintiff's request for entry of default was accomplished by first-class mail to J&K Moving LLC, 3254 Crag Mews, Woodbridge, Virginia 22193 and by email to bladimirgomez62@yahoo.com. (Docket no. 8, ¶ 7). Thereafter, the Clerk of Court entered a default against J&K Moving on September 13, 2017. (Docket no. 9).

For the reasons stated above, the undersigned magistrate judge recommends a finding that J&K Moving was properly served, that it failed to file a responsive pleading in a timely manner, and that the Clerk of Court properly entered a default as to the defendant J&K Moving.

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because J&K Moving is in default, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

**Federal Infringement of Registered (Count I) and Unregistered Trademarks (Count II)**

JK Moving has established that defendant is liable for federal infringement of registered trademarks and unregistered trademarks under the Lanham Act. Under federal law, civil liability

attaches when a party uses a reproduction or colorable imitation of a registered mark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services" such that the use is likely to cause confusion or mistake. 15 U.S.C. §1114(1)(a). In order to prevail on its claim for trademark infringement under the Lanham Act, plaintiff must establish that: (1) it owns a valid mark; (2) the defendant used the mark "in commerce" and without plaintiff's authorization; (3) the defendant used the mark (or an imitation of it) "in connection with the sale, offering for sale, distribution, or advertising" of goods or services; and (4) the defendant's use of the mark is likely to confuse consumers. *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012); *see Louis Vuitton Malletier S.A. v. Haute Diggity Dog, LLC*, 507 F.3d 252, 259 (4th Cir. 2007); *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 364 (4th Cir. 2001).

First, JK Moving's registered and unregistered trademarks are valid trademarks. Registration of a trademark with the United States Patent and Trademark Office serves as conclusive or *prima facie* evidence of the validity of the marks. *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984). The *prima facie* evidence of validity is unrebutted, as J&K Moving is in default. Therefore, JK Moving's "JK MOVING & STORAGE," "JK MOVING SERVICES," and "JK" trademarks are valid marks. Similarly, an unregistered trademark is a valid trademark in common law, and is enforceable under the Lanham Act and state common law. *Matal v. Tam*, 137 S. Ct. 1744, 1752 (2017). In order to claim an exclusive right to an unregistered trademark, plaintiff must establish priority by showing that its use was the first actual use of the mark in a genuine commercial transaction. *Emergency One, Inc. v. American Fire Eagle Engine Co., Inc.*, 332 F.3d 264, 267 (4th Cir. 2003). J&K Moving has not contested priority, and plaintiff alleges that it has been using the "JK MOVING" mark for over 35 years,

establishing priority over J&K Moving. (Compl. ¶¶ 7–8; Docket no. 11-1 at 5). Therefore, plaintiff has demonstrated that its unregistered "JK MOVING" marks are also valid.

Second, plaintiff has established that defendant is using a mark that is confusingly similar to JK Moving's valid trademarks for moving and relocation services, and advertised through trade channels throughout Northern Virginia and elsewhere, thereby using the mark "in commerce" without plaintiff's authorization. (Compl. ¶¶ 27–29). Third, plaintiff has established that defendant used the mark in connection with the sale and offering for sale of moving services, as alleged in the complaint. (*Id.*).

Fourth, plaintiff has established that defendant's use of the J&K Moving marks is likely to confuse consumers. In assessing the likelihood of confusion in a trademark infringement case, the Fourth Circuit has identified nine factors that should be considered: (1) the strength or distinctiveness of plaintiff's mark; (2) the similarity of the parties' marks; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the parties; (5) the similarity of advertising used by the parties; (6) defendant's intent; (7) actual confusion; (8) the quality of defendant's product; and (9) the sophistication of the consuming public. *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009) (citing *Pizzeria Uno Corp*, 747 F.2d at 1527 (identifying factors one through seven); *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 463–64 (4th Cir. 1996) (identifying factors eight and nine)). Not all of these factors will be relevant in every trademark dispute and there is no need for each factor to support plaintiff's position on the likelihood of confusion issue; however, evidence of actual confusion is particularly important in analyzing the likelihood of confusion. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 937 (4th Cir. 1995); *Anheuser-Busch, Inc. v. L & L Wings, Inc.*, 962 F.2d 316, 320 (4th Cir. 1992).

Plaintiff has established that JK Moving's marks are distinctive, substantial, and associated with a long-running, strong reputation for the provision of high-quality moving and storage services. (Compl. ¶¶ 7–17; Docket no. 11-1 at 5). Moreover, the marks are virtually identical—"JK" versus "J&K," and "JK MOVING SERVICES" versus "J&K Moving"—with the only difference being J&K Moving's addition of the ampersand. (Compl. ¶¶ 27, 37). Both JK Moving and J&K Moving use their respective marks for moving and storage services, and place the mark on vehicles used in delivering those services. (Compl. ¶ 19). Both JK Moving and J&K Moving offer their services to the same consumers and directly compete for customers in the same geographic market. (Compl. ¶ 23). Moreover, at least one customer mistakenly believed that J&K Moving was JK Moving upon seeing the "J&K Moving" mark on defendant's truck. (Compl. ¶ 20). Finally, given that J&K Moving is aware of its infringing behavior and continues to use the J&K Moving mark, it is intentionally trading off the goodwill JK Moving established in it marks. (Compl. ¶¶ 21, 31, 33). Therefore, plaintiff has established a likelihood of confusion, entitling it to relief under the Lanham Act.[2]

**Common Law Passing Off (Count IV)**

The allegations in the complaint do not appear to establish a claim for common law passing off. Under common law, passing or palming off occurs when a producer misrepresents his own goods or services as someone else's. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 529 U.S. 23, 27 n.1 (2003). Under Virginia common law, passing or palming off claims require demonstrating that: (1) the defendant sought to deceive the consumer; (2) the defendant profited from that deception; and (3) the consumer would not have purchased the goods or services but for that deception. *Rosso & Mastracco, Inc. v. Giant Food Shopping Ctr. of Va.,*

---

[2] Plaintiff has dismissed its claim in Count III for violation of the Virginia Consumer Protection Act. (Docket nos. 10, 13).

*Inc.*, 200 Va. 159, 166 (1958) (citing *Crump Co. v. Lindsay*, 130 Va. 144 (1921)). As such, the elements of a passing off claim are similar to a trademark infringement claim. *See Lone Star Steakhouse*, 43 F.3d at 930 n.10. While plaintiff has alleged that defendant willfully deceived customers and likely profited from that deception (Compl. ¶¶ 61), plaintiff has failed to establish but for causation, instead generally alleging that defendant sought to "intentionally trade off of the valuable goodwill" established by JK Moving. Plaintiff has not pled that any customer purchased J&K Moving's services solely due to defendant's deception. Given the recommended finding under the Lanham Act, this claim under Virginia common law would not provide the plaintiff with any additional relief.

## Liability

### Permanent Injunction

The Lanham Act provides the court the power to grant injunctions, "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). In order for the court to provide injunctive relief, a plaintiff must demonstrate irreparable harm, the inadequacy of a legal remedy (monetary damages), a weight in its favor when balancing hardships, and that the public would not be disserved by making the injunction permanent. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

First, plaintiff has established irreparable injury. This circuit has found that "irreparable injury regularly follows from trademark infringement." *Lone Star Steakhouse*, 43 F.3d at 939. As alleged in the complaint, JK Moving is suffering irreparable harm to the value and goodwill associated with its marks. (Compl. ¶ 66). The evidence of actual confusion demonstrates that JK Moving is susceptible to continued reputational harm, much of which may not be brought to

its attention, if defendant is allowed to continue its infringement. (Compl. ¶ 20). Second, as alleged, money alone cannot repair the reputational harm done to the value and goodwill associated with JK Moving. (Compl. ¶ 66).

Third, the balance of harms favors JK Moving, since JK Moving has used its marks for over 35 years, while J&K Moving has used its marks for a mere 2 years. (Compl. ¶¶ 8–11, 18–19). Moreover, J&K Moving has continued to willfully infringe on JK Moving's mark despite having the infringement brought to its attention on several occasions, both before and after the filing of JK Moving's complaint. (Compl. ¶ 21, Docket no. 11-1 at 8). Finally, the public interest is served in avoiding consumer confusion. *Toolchex, Inc. v. Trainor*, 634 F. Supp. 2d 586, 594 (E.D. Va. 2008) (citing *Bowe Bell & Howell Co. v. Harris*, 145 F. App'x. 401, 404 (4th Cir. 2005); *JTH Tax, Inc. v. Lee*, 514 F. Supp. 2d 818, 826 (E.D. Va. 2007)).

Based on the foregoing, the undersigned recommends an order enjoining J&K Moving, its officers, agents, servants, employees, and any other persons acting on its behalf from advertising, offering, or selling any goods or services using the mark or name "J&K Moving," or any colorable variation thereof in a manner that is confusingly similar to JK Moving's "JK," "JK MOVING & STORAGE," "JK MOVING SERVICES," or other variations thereof as used by JK Moving in connection with moving and storage goods and services.

**Attorney's Fees and Costs**

Plaintiff also requests an award of its attorney's fees and costs. (Compl. ¶ G; Docket no. 11-1 at 8). Federal law provides for the award of full costs and reasonable attorneys' fees in "exceptional cases," which courts have found when the plaintiff demonstrates that "defendant's conduct was malicious, fraudulent, willful or deliberate in nature." 15 U.S.C. § 1117(a); *Retail Servs., Inc. v. Freebies Publ'g*, 364 F.3d 535, 550 (4th Cir. 2004). Moreover, plaintiff must

11

establish the reasonableness of the requested fees and costs, including the hours worked and the requested rates. *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990).

Courts have found that "exceptional" conduct for purposes of 15 U.S.C. § 1117(a) requires defendant's conduct to be "malicious, fraudulent, willful, or deliberate in nature," where defendant acted with the intent to infringe plaintiff's protected mark. *Retail Servs.*, 364 F.3d at 550; *see In re Outsidewall Tire Litig.*, 748 F. Supp. 2d 557, 562 (E.D. Va. 2010). Plaintiff has alleged that defendant, despite being on notice of its conduct, refused to cease and desist from its infringing conduct, or even substantively respond to plaintiff's notices, before and after plaintiff filed its complaint. (Compl. ¶ 21; Docket no. 11-1 at 8). Plaintiff has established that defendant has acted willfully with the intent to infringe plaintiff's protected mark, thereby justifying this case as an "exceptional" circumstance.

Plaintiff has also established the reasonableness of its requested fees and costs. In this circuit, the court is required to engage in the following analysis: 1) calculate the lodestar (the product of hours worked and hourly rate) applying the *Johnson/Barber* factors; 2) analyze how many hours were spent reasonably litigating the successful versus unsuccessful claims; and 3) subtract out those hours worked on unsuccessful claims that were unrelated to the successful claims. *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–321 (4th Cir. 2008). In support of its claim for attorney's fees and costs, plaintiff submitted the declaration of Cecil E. Key (Docket no. 11-2), and a table of fees and costs for the matter (Docket no. 11-5). Having reviewed the declaration and the table of hours, the undersigned concludes that plaintiff's billing rate is reasonable, and all entries in the table of fees and costs are reasonable and related to the successful claims. Therefore, the undersigned recommends entry of an order granting plaintiff recovery in the amount of $12,775.00 for attorney's fees and costs.

## Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of JK Moving & Storage, Inc. ("JK Moving") and against J&K Moving LLC ("J&K Moving") pursuant to Count I alleging federal infringement of registered trademarks (15 U.S.C. § 1114(1)(a)) and Count II alleging federal infringement of unregistered trademarks and unfair competition (15 U.S.C. § 1125(a)). The undersigned recommends that J&K Moving, its officers, agents, servants, employees, and any other persons acting on its behalf be enjoined from advertising, offering, or selling any goods or services using the mark or name "J&K Moving," or any colorable variation thereof in a manner that is confusingly similar to JK Moving's "JK," "JK MOVING & STORAGE," "JK MOVING SERVICES," or other variations thereof as used by JK Moving in connection with moving and storage goods and services. The undersigned further recommends that a judgment in the amount of $12,775.00 be entered in favor of JK Moving and against J&K Moving as recovery for attorney's fees and costs.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to J&K Moving LLC at its last known address, 3524 Crag Mews, Woodbridge, Virginia 22193, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 4TH day of October, 2017.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia