IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JK MOVING & STORAGE, INC.,        )
                                  )
              Plaintiff,          )
                                  )
      v.                          )        Civil Action No. 1:17cv0849 (TSE/JFA)
                                  )
J & K MOVING LLC,                 )
                                  )
              Defendant.          )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion to show cause and/or for contempt.

(Docket no. 25). Plaintiff JK Moving & Storage, Inc. ("plaintiff" or "JK Moving") seeks an

order requiring defendant JB Delivery, LLC, formerly known as J & K Moving LLC

("defendant" or "J & K Moving"),[1] and third-party defendant Nery B. Gomez ("third-party

defendant" or "Gomez") (collectively "defendants") to show cause why they should not be held

in contempt for violating the court's October 23, 2017 order. (Docket no. 26 at 1–3). On July 7,

2022, the District Judge entered an order referring this motion to the undersigned for a report and

recommendation. (Docket no. 29). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned

magistrate judge is filing with the court his proposed findings of fact and recommendations, a

copy of which will be provided to all interested parties.

_____

[1] As reflected in Virginia State Corporation Commission records, defendant J & K
Moving LLC changed its name to J & K Delivery LLC on October 30, 2019 and then to JB
Delivery, LLC on November 22, 2019. (Docket no. 26-1).

## Background

On July 27, 2017, plaintiff filed a complaint against J & K Moving alleging trademark infringement and unfair competition under the Lanham Act, Virginia law, and common law. (Docket no. 1).  J & K Moving failed to file a responsive pleading, and the undersigned entered proposed findings of fact and recommendations on October 4, 2017 recommending that a default judgment be entered in favor of plaintiff (Docket no. 15).  On October 23, 2017, the District Judge adopted the report and recommendation and entered an order enjoining "J & K Moving, its officers, agents, servants, employees and any other persons acting on its behalf" from "advertising, offering or selling any goods or services using the mark or name 'J&K Moving,' or any colorable variation thereof in a manner that is confusingly similar to plaintiff JK Moving's 'JK,' 'JK Moving and Storage,' and 'JK Moving Services' marks or any other variations thereof as used by plaintiff in connection with moving and storage services." (Docket no. 16 at 2).  The District Judge also ordered J & K Moving to pay plaintiff $12,775 in attorneys' fees and costs. *Id.*

On September 18, 2019, plaintiff filed a motion for order compelling J & K Moving to show cause why it should not be held in civil contempt.  (Docket no. 20).  In its memorandum in support of its motion, plaintiff alleged that defendant had not yet paid the award of attorneys' fees and costs and had continued its infringing use of the "J & K Moving" mark.  (Docket no. 21 at 2–4).  The District Judge held a hearing on October 11, 2019 and found J & K Moving in civil contempt for failure to adhere to the court's October 23, 2017 order.  (Docket nos. 23–24).  The court ordered J & K Moving to pay the $12,775 owed to plaintiff immediately and either (1) pay a $2,500 fine to the court, or (2) file a signed affidavit stating that J & K Moving had changed its

2

business name and would no longer use the J & K Moving name or another name similar to plaintiff's marks.  (Docket no. 24).

On July 6, 2022, plaintiff filed the instant motion to show cause and/or for contempt. (Docket no. 25).  In its memorandum in support of its motion, plaintiff alleges that J & K Moving has not yet paid the $12,775 judgment and has continued to operate at least one truck with the "J & K Moving" identifier.  (Docket no. 26 at 2–3).  Plaintiff seeks an order compelling seizure of the truck at issue pending defendants' compliance with the October 23, 2017 order and/or requiring a third party to remove the infringing name from the truck at defendants' expense.  (Docket no. 26 at 11).  Plaintiff also seeks an award of attorneys' fees and costs incurred in bringing this motion.  (Docket nos. 25-1 at 2, 26 at 11).  At the hearing on August 12, 2022, counsel for plaintiff appeared, but no one appeared on behalf of defendants.

## Recommendation

The undersigned recommends that defendants be held in civil contempt for failure to comply with the court's October 23, 2017 order.[2]  To establish civil contempt, a party must demonstrate by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's 'favor'; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992)).  The court "may impose sanctions for civil contempt 'to coerce obedience to a court order or to compensate the

---

[2] It also appears that defendants failed to comply with the court's October 11, 2019 order. (*See* Docket no. 24).

complainant for losses sustained as a result of the contumacy.'" *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir. 1988)).

The undersigned recommends a finding that plaintiff has demonstrated defendants' knowing violation of the court's October 23, 2017 order by clear and convincing evidence. The court's October 23, 2017 order—which enjoined J & K Moving and its officers, agents, servants, employees, and other persons acting on its behalf from using the J & K Moving name—was a valid decree, and both defendants have actual knowledge of the order.[3] As to the second prong, the order granted default judgment in favor of plaintiff and against J & K Moving. (Docket no. 16). Plaintiff has also established defendants' knowing and continued violation of the October 23, 2017 order. Plaintiff has shown that defendants were still using the J & K Moving name as recently as May 2022, over four and a half years after the court entered its injunction and over two and a half years after J & K Moving was first held in contempt for failing to comply with the court's order. (Docket nos. 26 at 8–10, 26-3). Moreover, J & K Moving has apparently failed to pay the $12,775 judgment that remains outstanding nearly five years after it was first assessed. Finally, as indicated in its memorandum in support of its first contempt motion, plaintiff has experienced ongoing reputational harm and loss of customer goodwill due to defendants' continued infringement. (Docket no. 21 at 2–4).

For the foregoing reasons, the undersigned recommends that the court hold defendants in civil contempt. As part of its contempt order, the undersigned recommends that the court: (1)

---

[3] Defendant Gomez, although not a party to the original action, is clearly bound by the injunction as he is the manager and member of J & K Moving. (Docket no. 26-4 at 3). Gomez also appeared on behalf of J & K Moving at the October 11, 2019 hearing on plaintiff's prior contempt motion (Docket no. 23), establishing his actual knowledge of the court's October 23, 2017 order.

order defendants to make immediate arrangements to have the J & K Moving name removed

from any vehicle in their possession, custody, or control at their expense, (2) order defendants to

pay the $12,775 outstanding judgment, and (3) award attorneys' fees and costs incurred in filing

both the September 18, 2019 and July 7, 2022 contempt motions.[4]

### Conclusion

The undersigned recommends that defendants JB Delivery, LLC, formerly known as

J & K Moving LLC, and Nery B. Gomez be held in civil contempt for failure to comply with the

court's October 23, 2017 order.  The undersigned further recommends that the court: (1) order

defendants to make immediate arrangements to have the J & K Moving name removed from any

vehicle in their possession, custody, or control at their expense and provide proof of removal to

plaintiff, (2) order defendants to pay the $12,775 outstanding judgment, and (3) award attorneys'

fees and costs incurred in filing both the September 18, 2019 and July 7, 2022 contempt motions.

### Notice

By means of the court's electronic filing system and by mailing a copy of this proposed

findings of fact and recommendations to J & K Moving LLC, JB Delivery, LLC, and Nery

Gomez at their last known address, 3524 Crag Mews, Woodbridge, Virginia 22193, the parties

are notified that objections to this proposed findings of fact and recommendations must be filed

within fourteen (14) days of service of this proposed findings of fact and recommendations and a

failure to file timely objections waives appellate review of the substance of the proposed findings

of fact and recommendations and waives appellate review of any judgment or decision based on

this proposed findings of fact and recommendations.

---

[4] Plaintiff did not file fee affidavits or bills of cost with its contempt motions, so the
undersigned recommends that plaintiff be given an opportunity to provide support for its requests
for attorneys' fees and costs following a ruling on its most recent contempt motion.

ENTERED this 12th day of August, 2022.

_____/s/_____

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia