IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JK MOVING & STORAGE, INC.<br>Plaintiff,<br><br>v.<br><br>J & K MOVING LLC,<br>Defendant. | )<br>)<br>)<br>)  Civil Action No. 1:17-cv-00849<br>)<br>)<br>) |

## ORDER

On August 12, 2022, United States Magistrate Judge John F. Anderson issued a Proposed Findings of Fact and Recommendations ("Report") with respect to a Motion for an Order to Show Cause and/or for Contempt filed by Plaintiff JK Moving & Storage, Inc. In the Report, Judge Anderson made several recommendations, including that Defendant J & K Moving LLC and Nery B. Gomez, defendant's manager and member, be held in civil contempt for failing to comply with an October 23, 2017 Order.

### I.

To begin with, a brief description of the procedural history of this case is necessary. On July 27, 2017, plaintiff filed a complaint alleging trademark infringement and unfair competition by defendant based on defendant's use of a mark which was essentially identical to plaintiff's mark for the same goods and services. *See* Dkt. 1 at 1, 7-12. Defendant failed to file a responsive pleading, and on September 7, 2017 an Order issued (1) ordering plaintiff to seek the entry of default form the Clerk pursuant to Rule 55(a), Fed. R. Civ. P., and (2) ordering plaintiff to file a motion for default judgment discussing (i) personal and subject matter jurisdiction, including how the defendant was served, (ii) the adequacy of the complaint in establishing all of the necessary

1

elements of one or more claims on which relief can be granted, and (iii) damages and other relief. *See* Dkt. 5 at 1-2. On September 13, 2017, the Clerk entered default. *See* Dkt. 9.

On September 18, 2017, plaintiff filed a Motion for Default Judgment. *See* Dkt. 12. That Motion was referred to Magistrate Judge John F. Anderson pursuant to 28 U.S.C. § 636. *See* Dkt. 5 at 2. On October 4, 2017, Judge Anderson issued a Proposed Findings of Fact and Recommendations, recommending that a permanent injunction be entered against the defendant and that a money judgment, representing attorneys' fees and costs, be entered in favor of the plaintiff in the amount of $12,775.00. *See* Dkt. 15 at 13. No party filed objections to the October 4, 2017 Recommendation. Accordingly, on October 23, 2017, an Order issued adopting Judge Anderson's Recommendation by (1) permanently enjoining defendant, its officers, agents, servants, employees, and any other persons acting on its behalf from advertising, offering, or selling any goods or services using "J&K Moving" or any colorable variation thereof, and (2) entering judgment on behalf of plaintiff and against defendant in the amount of $12,775.00. Dkt. 16 at 2.

On September 18, 2019, plaintiff filed a motion for an Order to Show Cause why defendant should not be held in civil contempt, alleging (1) defendant had not yet paid the judgment and (2) defendant continued to transact business under the J & K Moving LLC name in contravention of the October 23, 2017 Order. *See* Dkt. 20; Dkt. 21 at 2-4. On October 11, 2019, an Order issued (1) holding defendant in civil contempt, (2) ordering defendant to pay the already outstanding $12,775.00 judgment to plaintiff, and (3) ordering that defendant either (i) pay a $2,500.00 fine to the Court or (ii) file an affidavit confirming that defendant has changed its business name and ceased to use an infringing business name. *See* Dkt. 24. It appears that defendant has not paid the $12,775.00 judgment to plaintiff, has not paid the $2,500.00 fine, and has not submitted the

2

affidavit ordered by the Court. As a result of this procedural history, defendant (1) owes plaintiff $12,775.00 in money damages, (2) is enjoined from advertising, offering, or selling any goods or services using "J&K Moving" or any colorable variation thereof, and (3) owes a $2,500.00 contempt fine for failure to comply with the injunction.

Thus, on July 6, 2022, plaintiff filed the instant motion seeking an Order to Show Cause why (1) defendant and (2) Nery B. Gomez, the manager and member of defendant who was present at the hearing on plaintiff's September 18, 2019 Motion and accordingly has actual knowledge of the October 23, 2017 Order, should not be held in contempt. Plaintiff alleges that defendant has not yet paid the $12,775.00 judgment and that, although defendant changed its business name to JB Delivery, LLC, defendant continues to operate at least one truck with the infringing "J & K Moving" identifier. Dkt. 26 at 2-3. Plaintiff's Motion was referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636. *See* Dkt. 29.

On August 12, 2022, Judge Anderson issued the Report recommending that defendant and Gomez be held in civil contempt for failure to comply with the October 23, 2017 Order. The Report further recommends (1) that defendant and Gomez be ordered to make immediate arrangements to have the J & K Moving name removed from any vehicle in their possession, custody, or control at their expense, (2) that defendant and Gomez be ordered to pay the already outstanding and previously ordered $12,775.00 judgment, and (3) an award of attorneys' fees and costs incurred in filing both the September 18, 2019 and July 7, 2022 contempt motions. Dkt. 32 at 5. Notably, defendant filed no objection to the magistrate judge's report and recommendation. Although plaintiff submitted a timely response to the Report in which plaintiff does not object to the Report, plaintiff, for the first time, requests additional contempt remedies. Specifically, plaintiff now requests remedies previously not sought by plaintiff and thus not considered by the

3

magistrate judge, namely that a Writ of Execution and a Writ of Attachment be issued to allow plaintiff to coordinate with the U.S. Marshalls to have the infringing vehicle(s) seized. Notably, plaintiff cites no relevant authority in support of such a remedy. In its proposed order submitted in response to the Report, plaintiff cites 15 U.S.C. § 1118 regarding destruction of infringing articles. However, it is far from clear that this statute supports the issuance of a Writ of Execution or a Writ of Attachment in the circumstances of this case. Dkt. 33. No other party filed a response within the fourteen (14) day period as set forth in the Report. *See* 28 U.S.C. § 636(b)(1)(C).

## II.

The Report is adopted in part. Specifically, the Report is adopted to the extent that (i) it holds defendant and Gomez in contempt, (ii) orders defendant and Gomez to have the J & K Moving name removed from any vehicle in their possession, custody, or control, and (iii) provides plaintiff with an opportunity to submit a motion and supporting documentation supporting an award of attorneys' fees and costs incurred in filing both the September 18, 2019 and July 7, 2022 contempt motions. First, as the magistrate judge concluded, civil contempt is appropriate because defendant and Gomez had actual knowledge of the permanent injunction, and plaintiff has shown that defendant nonetheless continues to use the trademark-protected J & K Moving name.

Second, in addition to defendant, it is appropriate to hold Gomez in civil contempt for violating the injunction and this Court's orders. As the manager and member of defendant, Gomez was subject to the injunction. *See* Dkt. 16 at 2. Moreover, Gomez attended a hearing in this action and had actual knowledge of both this case and the injunction entered. *See, e.g., ClearOne Commc'ns, Inc. v. Bowers*, 651 F.3d 1200 (10th Cir. 2011) (finding civil contempt to be appropriate against a nonparty); Rule 65(d)(2), Fed. R. Civ. P. (providing that injunctions may apply to "other persons" when certain criteria are met).

Third, the Report appropriately recommends an award of attorneys' fees and costs incurred in filing both the September 18, 2019 and July 7, 2022 contempt motions. The Report notes that plaintiff did not file any fee affidavits or bills of costs with its contempt motions, and accordingly recommends that plaintiff be given an opportunity to file such affidavits or bills of costs. Thus, plaintiff will be permitted to file a motion for attorney's fees as well as costs incurred in bringing both the September 18, 2019 and July 7, 2022 motions no later than September 23, 2022.

However, the Report is not adopted in other respects. Specifically, the Report is not adopted to the extent it recommends ordering the payment of money damages already assessed for which judgment has entered. This is so because a money judgment is not appropriately enforced by contempt citation but rather, in accordance with Rule 69(a)(1), a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Although the Fourth Circuit has not ruled on the issue, contempt usually is not the appropriate means by which to enforce a judgment because the "otherwise" language in the Federal Rules is narrowly construed. *Lambert v. Gift Dev. Group, LLC*, 2019 WL 177078, at *3 (M.D.N.C. Jan. 11, 2019). Thus, the Rules do not authorize enforcement of a judgment for money damages through the exercise of contempt power absent "extraordinary circumstances" not present here, such as where the judgment "is against a state, which refuses to appropriate funds through the normal process provided by state law." *Id.*; *see also Aetna Cas. & Sur. Co. v. Markarian*, 114 F.3d 346, 349 & n.4 (1st Cir. 1997) (noting that contempt is not the appropriate means by which to enforce a judgment for money damages); *Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986) (same); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983) (same); *Newport News Holding Corp. v. Virtual City Vision, Inc.*, 2010 WL 11566420, at *2 (E.D. Va. May 28,

2010) (same). Accordingly, the Report will not be adopted to the extent it recommends ordering the payment of money damages already assessed for which judgment has entered.

As a final matter, it appears that defendant clearly is unwilling to comply with orders of this Court, and that a contempt citation is appropriate. In its response to the Report, plaintiff now proposes a Writ of Execution and Writ of Attachment as a potential remedy. But plaintiff did not raise this request in the instant motion, so Judge Anderson was unable to consider the request. Further, plaintiff did not provide any legal authority authorizing a Writ of Attachment in these circumstances. Accordingly, plaintiff will be required to submit, no later than September 12, 2022, a memorandum explaining the authority for a Writ of Execution and Writ of Attachment which plaintiff requests as well as any other relief plaintiff requests as a civil contempt sanction for defendant's continuing violation of the permanent injunction. Of course, if defendant complies with the permanent injunction by September 7, 2022, the submission of this authority will be unnecessary.

Upon consideration of the record and Judge Anderson's well-reasoned Report,

The Court **ADOPTS IN PART** the findings and facts and recommendations of the Report (Dkt. 17) as set forth below. Specifically, the Court adopts the Report's recommendation that (1) the Court hold defendant and Gomez in contempt, (2) the Court order defendant and Gomez to have the J & K Moving name removed from any vehicle in their possession, custody, or control, and (3) the Court provide plaintiff with an opportunity to submit a motion and supporting documentation supporting an award of attorneys' fees and costs incurred in filing both the September 18, 2019 and July 7, 2022 contempt motions. The Report is not adopted in any other respect.

Accordingly, it is hereby **ORDERED** that plaintiff's motion for an Order to Show Cause and/or for contempt (Dkt. 25) is **GRANTED IN PART**.

It is further **ORDERED** that defendant and Gomez are **HELD IN CIVIL CONTEMPT** for failure to adhere to the Court's October 23, 2017 Order by continuing to operate vehicles with the "J & K Moving" name.

It is further **ORDERED** that, as a result of defendant and Gomez being held in civil contempt for continuing to operate vehicles with the "J & K Moving" name, defendant and Gomez must, no later than **September 7, 2022**, remove the "J & K Moving" name from all vehicles within their possession, custody, or control, and file an affidavit with the Court which states that they have done so.

It is further **ORDERED** that, if defendant and Gomez do not comply with this Order by September 7, 2022, plaintiff shall file a memorandum explaining the authority for a Writ of Execution/Attachment which it requests as well as any other relief it requests as a civil contempt sanction for defendant's continuing violation of the permanent injunction. The memorandum is not to exceed **thirty (30)** pages and is to be filed on or before **September 12, 2022**.

It is further **ORDERED** that plaintiff is directed to file any motion for attorney's fees on or before **September 23, 2022** as well as a statement of fees and costs incurred in bringing both the September 18, 2019 and July 7, 2022 motions.

Alexandria, Virginia
August 31, 2022

/s/
T. S. Ellis, III
United States District Judge

7